FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 28 2010

JAMES N. HATTEN, CLERK
By
_Brannon_
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBOUR RACING INTERNATIONAL, LLC, and DICK BARBOUR, )<br>)<br>)<br>) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | CASE NO. __1:10.CV-3526__ |
| ) | |
| SUNRICH COMPANY, LLC, d/b/a<br>TRUESCALE MINIATURES, )<br>) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COME NOW Plaintiffs Barbour Racing International, LLC, d/b/a Dick Barbour Racing ("Barbour Racing") and Dick Barbour, and file this Complaint against Defendant Sunrich Company, LLC d/b/a TrueScale Miniatures, as follows:

## INTRODUCTION

1.

This is an action for trademark infringement, false designation of origin, and state law claims for deceptive practices, and invasion of privacy/right of publicity arising out of Defendant's unauthorized use of Barbour Racing's trademark and

Mr. Barbour's personal name on die-cast model racecars sold by Defendant throughout the United States and worldwide.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Barbour Racing is a Limited Liability Company organized and existing under the laws of the State of Georgia.

3.

Plaintiff Dick Barbour is a Georgia resident and the principal of Barbour Racing.

4.

Defendant is an entity incorporated in and maintains its principal place of business in the State of California. Defendant may be served with a copy of the summons and complaint in this action at the office of its registered agent, Glen Keng-Yu Chou, at 2272 Wind River Lane, Rowland Heights, Los Angeles County, CA 91748.

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and § 1338(b) as this action arises under the Lanham Act, 15 U.S.C § 1125.  Subject matter jurisdiction is also proper pursuant to 28 U.S.C. §

1332 because there is complete diversity among the parties and the matter in controversy exceeds $75,000.00 in damages.    This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367(a).

6.

Defendant is subject to personal jurisdiction in this Court pursuant to the provisions of Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91(1)-(3), and because Defendant has established sufficient minimum contacts within the State of Georgia such that maintenance of the suit does not violate due process protections.

7.

Venue is proper pursuant to 28 U.S.C. §§ 1391(a)(2)-(3), and 28 U.S.C. §§ 1391(b)(2)-(3).

## FACTS

8.

Plaintiff Dick Barbour is a former Le Mans series driver and current racing team owner.   Mr. Barbour is well-renowned in the auto racing industry and has achieved a high-level of success through his personal achievements in the 24 Hours of Le Mans auto racing series and his management and promotion of professional racing teams.   Mr. Barbour is one of only three American drivers to

win the 24 Hours of Le Mans race in France and the only American driver to win it three years in a row.    He has won every major professional race in the world including The 12 Hours of Sebring (4 times), the 1000k's of Nurburgring, Silverstone, Riverside Grand Prix, Petite Le Mans, and dozens of additional professional races.

9.

Plaintiff Barbour Racing, by and through its predecessors, has been using the standard character mark "Dick Barbour Racing" (Former Reg. No. 2,700,425) continuously since 1967 in connection with automobile racing, motorsports activities, and entertainment services.

10.

The mark "Dick Barbour Racing" is well-renowned in the auto racing industry, where Barbour Racing's cars and teams have achieved a high level of success for over four decades.    Barbour Racing teams have fielded some of the world's best and most popular drivers, including Paul Newman, John Fitzpatrick, Rolf Stommelen, Brian Redman, and Rick Mears, and have won every major race and award in endurance racing history, with six major series championships and 67 international victories in the last 20 years.

11.

Barbour Racing obtained a federal registration for the mark in 2003. Though Barbour Racing's registration for the mark inadvertently lapsed earlier this year, Barbour Racing has never stopped using the mark in commerce and currently uses the mark in connection with its professional racing team in the American Le Mans Series, in the operation of its racing shop, and in offering entertainment and promotional services, most recently in partnership with one of the world's leading country music groups. Barbour Racing has a pending application with the United States Patent and Trademark Office for registration of the mark (Serial No. 85/107035).

12.

Defendant manufactures, distributes, advertises and sells die-cast race car models directly to consumers through its website, as well as through various distributors and retailers, throughout the United States, in this District, and worldwide.

13.

Defendant is currently manufacturing, distributing, advertising and selling die-cast, replica race car models driven in professional races by Plaintiffs and stamped with Barbour Racing's "Dick Barbour Racing" trademark, as well as Mr.

Barbour's personal name.  The models sell for approximately $165.00 and are exact replicas of cars entered and/or driven in the Le Mans series by Plaintiffs.  A true and correct copy of recent materials obtained from Defendant's website demonstrating its use of the mark and Mr. Barbour's personal name on replica Porsche 935s for sale directly to consumers is attached hereto as Exhibit A.

14.

Defendant is using Barbour Racing's trademark and Mr. Barbour's personal name without their consent or authorization, and this use is likely to cause confusion, mistake, or to deceive.

15.

Upon information and belief, Defendant knowingly and intentionally infringed upon and interfered with Plaintiffs' trademark rights and/or acted with complete and willful disregard for the rights.

16.

Through Counsel, Plaintiffs demanded that Defendant cease and desist from its unlawful use of their intellectual property.

17.

Defendant refused to cease and desist and continues to profit on Plaintiffs' reputation and goodwill through its unlawful use of the mark and Mr. Barbour's name.

18.

Defendant's unauthorized use of Barbour Racing's mark and Mr. Barbour's personal name has caused and will continue to cause irreparable injury to Plaintiffs and to the goodwill associated with the mark and Plaintiffs have no adequate remedy at law.

19.

Defendant has been unjustly enriched through its unauthorized use of Plaintiffs' intellectual property and continues to engage in the alleged activities knowingly, willfully and deliberately, so as to justify an award of exemplary damages and an award of attorneys' fees in order to deter such future conduct.

## COUNT I
### Infringement under 15 U.S.C. § 1125(a)(1)(A) as to the use of the mark "Dick Barbour Racing"

20.

Plaintiffs incorporate the allegations contained in paragraphs 1-19 of their Complaint as if fully restated herein.

21.

Defendant's unauthorized use of Barbour Racing's mark is likely to cause confusion, mistake, and to deceive consumers into believing: 1) that Plaintiffs are affiliated, connected, or associated with Defendant; 2) that Plaintiffs are the origin or sponsor of the goods, and 3) that Plaintiffs approve of or have licensed the use of their intellectual property on the goods.

22.

Defendant's unauthorized use of Barbour Racing's mark is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

WHEREFORE Plaintiffs are entitled to preliminary and permanent injunctive relief, damages in an amount to be proven at trial, including actual damages, Defendant's profits, and treble damages, together with their attorneys' fees and all costs of this action and such other and further relief as this Court deems just and proper.

## COUNT II
### Infringement under 15 U.S.C. § 1125(a)(1)(A) as to the use of Mr. Barbour's personal name

23.

Plaintiffs incorporate the allegations contained in paragraphs 1-22 of their Complaint as if fully restated herein.

24.

Defendant's unauthorized use of Mr. Barbour's personal name is likely to cause confusion, mistake, and to deceive consumers into believing: 1) that Plaintiffs are affiliated, connected, or associated with Defendant; 2) that Plaintiffs are the origin or sponsor of the goods, and 3) that Plaintiffs approve of or have licensed the use of their intellectual property on the goods.

25.

Defendant's unauthorized use of Mr. Barbour's personal name is in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

WHEREFORE Plaintiffs are entitled to preliminary and permanent injunctive relief, damages in an amount to be proven at trial, including actual damages, Defendant's profits, and treble damages, together with their attorneys' fees and all costs of this action and such other and further relief as this Court deems just and proper.

**COUNT III**
**Trademark infringement under state law/common law as to the use of the mark "Dick Barbour Racing"**

26.

Plaintiffs incorporate the allegations contained in paragraphs 1-25 of their Complaint as if fully restated herein.

27.

Defendant's unauthorized use of Barbour Racing's mark has caused a likelihood of consumer confusion and dilution of Barbour Racing's distinctive mark.

28.

Defendant's unauthorized use of Barbour Racing's mark has been made notwithstanding Barbour Racing's well-known and prior established rights in the mark and with both actual and constructive notice.

29.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense so as to allow them to recover their reasonable expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Barbour Racing is entitled to damages in an amount to be proven at trial, together with its attorneys' fees and all costs of this action and such other and further relief as this Court deems just and proper.

**COUNT IV**
**Violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.***

30.

Plaintiffs incorporate the allegations contained in paragraphs 1-29 of their Complaint as if fully restated herein.

31.

Defendant's actions have caused 1) a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; 2) a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiffs in violation of O.C.G.A. § 10-1-372.

32.

Defendant has falsely represented that its goods have sponsorship, approval, affiliation, and connection with Plaintiffs that they do not have in violation of O.C.G.A. § 10-1-372.

33.

Defendant has willfully and knowingly engaged in these deceptive practices.

34.

Plaintiffs are likely to be damaged and have been damaged by Defendant's actions and are entitled to injunctive relief and attorneys' fees pursuant to O.C.G.A. § 10-1-373.

35.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense so as to allow them to recover their reasonable expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs request that this Court enter a temporary, interlocutory, and permanent injunction enjoining and restraining Defendant from advertising, marketing, distributing and selling goods stamped with Barbour Racing's mark and Mr. Barbour's personal name pursuant to O.C.G.A. § 10-1-373, together with an award to Plaintiffs' of their reasonable attorneys' fees and costs of this action pursuant to O.C.G.A. §§ 10-1-373 and/or 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT V
### Violation of state law right of publicity/right of privacy as to the use of Mr. Barbour's personal name

36.

Plaintiffs incorporate the allegations contained in paragraphs 1-35 of their Complaint as if fully restated herein.

37.

Defendant has intentionally and willfully appropriated Mr. Barbour's name without consent and for its own the financial gain.

38.

Defendant's actions have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences such that punitive damages are appropriate pursuant to O.C.G.A. § 51-12-5.1.

39.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense so as to allow them to recover their reasonable expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Mr. Barbour demands judgment against Defendant for actual and compensatory damages to be determined at trial, plus additional damages

incurred in the future as proved upon the trial of this action, punitive damages and all expenses of litigation, including attorney's fees and costs.

## COUNT VI
### Infringement under 15 U.S.C. § 1114 as to the use of the mark "Dick Barbour Racing"

40.

Plaintiffs incorporate the allegations contained in paragraphs 1-39 of their Complaint as if fully restated herein.

41.

Barbour Racing owned a federal registration for the protection of the "Dick Barbour Racing" (Registration No. 2,700,425) mark from 2003 to November 1, 2009.

42.

During Barbour Racing's registration of the mark, Defendant used the mark without consent in connection with the sale, offering for sale, distribution, and advertising of goods in such a way as was likely to cause confusion, mistake, and to deceive consumers.

43.

Defendant's unauthorized use of Barbour Racing's mark has been made notwithstanding Barbour Racing's well-known and prior established rights in the mark and with both actual and constructive notice.

44.

Defendant's unauthorized use of Barbour Racing's mark was in violation of the Lanham Act, 15 U.S.C. § 1114(1).

WHEREFORE Barbour Racing is entitled to damages in an amount to be proven at trial, including actual damages, Defendant's profits, and treble damages, together with its attorneys' fees and all costs of this action and such other and further relief as this Court deems just and proper.

This the 26th day of October, 2010.

Jason W. Graham
Georgia Bar No. 304595
Mary E. Meyer
Georgia Bar No. 427356
Attorneys for Plaintiff

Graham & Penman, LLP
2989 Piedmont Road, NE
Suite 200
Atlanta, Georgia 30305
Telephone: (404) 842-9380
Facsimile: (678) 904-3110

